Clayton L. Everett | State Bar No. 24065212
Norred Law, PLLC | 515 E. Border St. | Arlington, Texas 76010
Telephone: (817) 704-3984 | clayton@norredlaw.com
Counsel for Defendants

# United States Bankruptcy Court
## Northern District of Texas
### Fort Worth Division

| | |
|---|---|
| **In re:**<br>**Asim Ashfaqur Rahim**<br>   2500 State Hwy 121, Apt. 1821<br>   Euless, TX 76039<br>   SSN: xxx-xx-9147<br><br>Debtor<br><br>**Lucky Investments, Inc. and Saleem Tareen,** Plaintiffs<br><br>**v.**<br><br>**Asim A. Rahim and Nida Mehwish,** Defendants | Case No. 22-42220-elm7<br><br>**Chapter 7**<br><br><br><br><br><br>Adversary No. 22-04061-elm |

## MOTION TO DISMISS COMPLAINT UNDER
## FEDERAL RULE OF CIVIL PROCEDURE 12(b) AND 12(e)

The Defendants, Asim A. Rahim and Nida Mehwish, move the court for an order dismissing the above-captioned adversary filed by Plaintiffs Lucky Investments, Inc. and Saleem Tareen under Fed. R. Civ. P. 12(b) or, in the alternative, an order demanding a more definite statement of the claims by Plaintiffs under Fed. R. Civ. P. 12(e).

### Summary

1. On December 23, 2022, Lucky Investments, Inc. and Saleem Tareen filed an adversary complaint objecting to the discharge of debts owed by the debtor Asim A. Rahim under 11 U.S.C. §§ 523(a)(2), (4), and (6). Lucky Investments and Tareen also sought the denial of Asim Rahim's chapter 7 discharge under 11 U.S.C. §§ 727(a)(2), (3), (4), (5), and (7).

---

2. In addition to the claims against Asim Rahim, the Complaint sought a judgment for damages against his non-filing spouse Nida Mehwish under theories of conversion, conspiracy, and violation of Texas Penal Code Section 32.33.

3. The Complaint should be dismissed because it fails to allege sufficient facts to support any cognizable theories of recovery against either Rahim or Mehwish. Alternatively, the Plaintiffs should be ordered to provide Defendants a more definite statement of the claims made by each Plaintiff against each Defendant.

### I. The claims for the denial of discharge should be dismissed.

4. The complaint seeks to deny the Debtor's discharge under section 727(a)(2), (a)(3), (a)(4), and (a)(5). However, for a variety of reasons, the complaint even when taken as true fails to state facts to support the denial of the Debtor's discharge.

**A. The complaint fails to state a claim for concealment of property under § 727(a)(2).**

5. The complaint seeks to deny the Debtor's discharge for the alleged concealment and removal of Lucky's collateral and for the failure of Dry Kings to deposit some of its receipts into the corporate account.[1]

6. Under section 727(a)(2) the court is required to grant a debtor's discharge unless the debtor has removed, transferred, destroyed, or concealed *property of the Debtor* or *property of the Estate*.

7. Here, the complaint acknowledges that the property was sold by Lucky Investment to Dry Kings LLC.[2] This property is neither the property of the Debtor Asim Rahim nor is it property of the Estate. Instead, this is the property of Dry Kings LLC which is not a debtor under the bankruptcy case. Nor is Dry Kings LLC a named party to the adversary complaint.

---

[1] Complaint ¶¶ 5, 6, and 13.
[2] Complaint p. 2, unnumbered paragraphs titled "Background."

---

Defendants' Motion to Dismiss Adversary Complaint

8. Because the property is not the property of the Debtor or the Estate, this claim is not supported by the facts alleged. Even if taken as true—that the Debtor transferred or destroyed property belonging to Dry Kings LLC, it would not support the denial of the discharge of the Debtor under section 727(a)(2).

9. Furthermore, the property is not identified with any specificity. The complaint fails to identify the property or the value of the property.

10. For these reasons, this claim against the Debtor should be dismissed.

### B. The complaint fails to state a claim for failure to keep records § 727(a)(3).

11. The complaint also seeks to deny the Debtor a discharge for failure to keep records. Specifically, the complaint alleges that the Debtor instructed employees of Dry Kings LLC not to record certain transactions and failed to deposit receipts into the company bank accounts.[3]

12. Under section 727(a)(3) the court is required to grant a debtor's discharge unless the debtor has failed to keep recorded information from which the debtor's financial condition or business transactions might be ascertained.

13. However, the records complained of are not those of the Debtor but those of the Debtor's separate corporation called Dry Kings LLC. And there is no allegation in the complaint that the *Debtor's financial condition* or the *Debtor's business transaction* cannot be ascertained with the records provided during the Debtor's bankruptcy case.

14. Moreover, there is no specific allegation that the Debtor has provided inaccurate financial information in the filing of his bankruptcy case.[4]

---

[3] Complaint ¶¶ 11 and 13.
[4] *See Kwasnik v. Permahos (In re Permahos)*, 2011 Bankr. LEXIS 718, at *8 (Bankr. D.N.J. 2011)

_____
Defendants' Motion to Dismiss Adversary Complaint

15. Because the complaint fails to allege that the debtor failed to maintain or preserve adequate records and that the failure to maintain makes it impossible to ascertain his financial condition, the complaint fails to state a prima facie case under section 727(a)(3).

### C. The complaint fails to state a claim for false oath or false claim under § 727(a)(4).

16. The complaint seeks to deny the Debtor's discharge for the Debtor's false oaths made in connection with this case. The complaint alleges that the Debtor made a false oath during his 2004 examination, provided "altered" bank statements at the 2004 examination, and provided inaccurate income and expenses on his schedules.[5]

17. Under section 727(a)(4) the court is required to grant a debtor's discharge unless the debtor knowingly and fraudulently in connection with the case made a false oath. Because this claim involves fraudulent conduct, the claim must be stated with particularity under Fed. R. Civ. P. 9(b), incorporated into these proceedings under Fed. R. Bankr. P. 7009.

18. The complaint fails to state with particularity how or why the alleged testimony, bank statements, or schedules are false, misleading, or otherwise inaccurate. Instead, it merely states the bare technical elements of fraud which is not sufficient.

19. The allegations of fraud are simply not substantiated with a sufficient factual basis to support the claim. For this reason, the claim for denial of discharge under section 727(a)(4) should be denied.

### D. The complaint fails to state a claim for unexplained loss of assets under § 727(a)(5).

20. The complaint seeks to deny the Debtor's discharge for the Debtor's failure to explain a loss of assets. The complaint alleges that the Debtor failed to adequately explain the loss of Dry

---

[5] Complaint ¶¶ 4, 8, 9, 12, and 22.

Defendants' Motion to Dismiss Adversary Complaint

King's assets, did not deposit all receipts into Dry King's bank account and failed to account for $100,000 in PPP loans.[6]

21.     Under section 727(a)(5) the court is required to grant a debtor's discharge unless the debtor has failed to explain any loss of assets or deficiency of assets to meet the debtor's liabilities.

22.     However, the allegations deal with the loss of Dry Kings's assets, i.e., the loss of property purchased by Dry Kings LLC and used in the operation of the LLC's business and the PPP loan. There are no allegations that either of these assets were owned by the Debtor in his personal capacity.

23.     Moreover, the Debtor clearly stated at his 2004 examination that he did not take the equipment and furniture when he closed the business and left the property at the business premises.[7] These are explanations for what happened to the property owned by Dry Kings LLC.

24.     Because the Debtor has explained the loss of the assets, and because the assets are not alleged to be the personal assets of the Debtor but the assets of Dry Kings LLC, the complaint fails to plead a prima facie case for a denial of discharge under section 727(a)(5).

## II. The claims for the nondischargeability of debt should be dismissed.

25.     The complaint seeks to deny the discharge of the debt owed to Lucky under section 523(a)(2), (a)(4), and (6). However, the complaint even taken as true fails to state sufficient facts to support the denial of the dischargeability of the Debtor's debt to Lucky.

### A. The complaint fails to state a claim obtained by fraud under § 523(a)(2).

26.     The complaint seeks to hold a debt owed to Lucky nondischargeable for false representations. The complaint states that the Debtor requested an extension of credit by providing

---

[6] Complaint ¶¶ 7-8, 13, and 15.
[7] Complaint ¶¶ 3 and 7.

Defendants' Motion to Dismiss Adversary Complaint

false reasons and made false or fraudulent representations to induce Lucky into renting, extending credit, and the sale of its assets to Dry Kings.[8]

27. Under § 523(a)(2) a debt for money or an extension of credit to the extent obtained by fraud is not dischargeable in a bankruptcy proceeding.

28. However, the complaint fails to state with particularity regarding who made the false representation, when the representations were made, or even the contents of the representations. The complaint fails to set forth the elements of fraud much less apply any specific facts to those elements.

29. Moreover, it is unclear which debts owed to Lucky are sought to be held as non-dischargeable. For example, there is a claim that the Debtor requested an extension of credit in the form of time to pay rent, but it is not stated whether the extension was granted. The complaint does not mention the existence of a lease agreement between the parties.

30. Because allegations of fraud and misrepresentation have not been adequately pleaded, the claims under § 523(a)(2) should be dismissed.

**B. The complaint fails to state a claim for debt for fraud or larceny under § 523(a)(4).**

31. The complaint seeks to hold a debt owed to Lucky as non-dischargeable for fraud and larceny. The complaint states that the Debtor committed fraud or larceny by false representations, for removal or concealment of assets, and nondisclosure.[9]

32. Under § 523(a)(4) a debt for fraud or larceny is not dischargeable in a bankruptcy proceeding.

---

[8] Complaint ¶¶ 18 and 19.
[9] Complaint ¶¶ 19 and 20.

_____
Defendants' Motion to Dismiss Adversary Complaint

33. However, like the claims for false representations made above, the complaint fails to set out the elements of fraud and larceny and fails to set forth facts to support such claims with particularity as required by Fed. R. Civ. P. 9(b).

34. As such, these claims should be dismissed.

### C. The complaint fails to state a claim for a debt for willful and malicious injury by the Debtor to Lucky § 523(a)(6).

35. The complaint seeks to hold a debt owed to Lucky nondischargeable for willful and malicious injury. The complaint states that the Debtor willfully and maliciously injured the Plaintiffs by removal, concealment, and nondisclosure of assets, and for the tort of conversion.[10]

36. Under § 523(a)(6) a debt for willful and malicious injury by the debtor to another entity or property of another is not dischargeable in a bankruptcy proceeding.

37. But again, this complaint fails to state facts sufficient to support this claim. The elements of conversion have not been alleged. To establish a claim for conversion, the plaintiff plead: (1) the plaintiff owned or had possession of the property or entitlement to possession, (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded the return of the property, and (4) the defendant refused to return the property.[11]

38. The elements of conversion are conspicuously absent from the complaint. But even the alleged facts are insufficient to support conversion. Specifically, facts supporting elements (2), (3), or (4) above are absent. For example, the complaint all but admits that Dry Kings had possession of the collateral lawfully–the complaint acknowledges that the property was sold to Dry Kings.

---

[10] Complaint ¶¶ 5, 6, 16, 17, and 20.
[11] *Khorshid, Inc. v. Christian*, 257 S.W.3d 748, 758-59 (Tex. App.-Dallas 2008, no pet.).

_____
Defendants' Motion to Dismiss Adversary Complaint

39. The complaint goes on to allege that "all of the Lucky collateral" had been removed from three locations. However, the complaint does not state that the Debtor, acting in his personal capacity, removed the collateral. Moreover, the collateral alleged to have been removed is not specifically identified in the complaint.

40. Finally, there does not appear to be allegations that either the plaintiff demanded the return of property or that the defendant refused to return the property.

41. Because the complaint does not state the elements of a claim for conversion or state facts that would support each element for a claim for conversion, the conversion claim and any related claim under 523(a)(6) should be dismissed.

### III. Tareen is not a party entitled to recover damages.

*The Promissory Note*

42. Lucky Investments sold its interest in six dry-cleaning businesses to Dry Kings, by executing the following transactions: a promissory note for $310,000, a security agreement, and Rahim's personal guaranty in favor of Lucky Investments. Tareen was not a party in his personal capacity to any of those documents.

43. The Complaint does not allege that Tareen is a party to the above-described transactions. Nor can it be implied that Tareen was a party merely because he had "owned and operated" Lucky in the past.

44. In other words, Tareen is not a party entitled to recover under the promissory note. Nor has the breach of contract harmed Tareen. The injury was suffered by Lucky Investments.

*45.* In the Complaint, plaintiff Saleem Tareen seeks a nondischargeable monetary judgment against the defendants. But Saleem Tareen *as an individual* was not a party to any of the transactions described in the pleadings that give rise to debts relating to breach of contract, loss of

collateral, bank rent, punitive damages, and attorney fees.[12] Nor has Tareen alleged facts that would support a finding that he has personally suffered harm from the defendant's conduct.

### Loss of Collateral

46. Saleem Tareen alleges that he "entered into the three locations that he owned and discovered that *all* of the Lucky collateral had been removed from all three locations. . . ."[13]

47. The Plaintiffs allege, among other things, that the removal of the collateral violated section 32.33 of the Texas Penal Code and also made defendants liable for the tort of conversion.

48. However, there are no facts in the Complaint that would suggest that the collateral is the personal property of Saleem Tareen. The pleadings appear to state the opposite describing the property as the "Lucky collateral" numerous times.[14]

49. Perhaps most significantly the Complaint at the outset acknowledges that "Lucky sold its assets . . . Dry Kings."[15] It does not appear that Tareen has suffered any harm from the loss of the Lucky collateral and that the injury was suffered by Lucky Investments.

50. Because Tareen has not alleged the necessary facts needed to support his standing to bring claims related to the Lucky collateral.

51. Similarly, Tareen cannot establish a claim for conversion because Tareen has not alleged to have title or a right to possession of the collateral.[16]

### Insurance Benefits

52. In paragraph 21 of the Complaint, the Plaintiffs make a claim for the recovery of insurance benefits from Dry Kings.[17] However, there is simply insufficient information to determine the

---

[12] See Complaint p. 9, ¶ 29.
[13] Complaint p. 3, ¶ 2.
[14] Complaint p. 3, ¶ 2, p. 6, ¶¶ 16-17, p. 7, ¶ 20, and p. 8, ¶ 25.
[15] Complaint p. 2, in the first paragraph of the subheading titled "Background."
[16] *See Buffet Partners, L.P. v. Sheffield Square, L.L.C.*, 256 S.W.3d 920, 924 (Tex. App.--Dallas 2008, no pet.)
[17] Complaint p. 7, ¶ 21.

---
Defendants' Motion to Dismiss Adversary Complaint

basis for Tareen's claim for the recovery of the insurance benefits that were paid to Dry Kings. It is unclear when the "structural failures and other failure" occurred, which of the six locations were affected, the extent of the damages, or the amount of the insurance benefits paid to Dry Kings. There is no alleged clear basis for why either Lucky Investments or Tareen would be entitled to recover insurance benefits. Presumably, such recovery might be provided by a lease agreement, but there is no such lease mentioned throughout the whole of the Complaint.

*Back Rent*

53.    According to the complaint, Tareen seeks a $25,000 estimated claim for back rent.[18] However, the complaint fails to allege any facts asserting that either Rahim or Mehwish entered into a lease agreement with either plaintiff. The existence of a lease is not mentioned in the complaint at all.

54.    The complaint does imply that rent was being paid, but the specifics of the who, what, when where, and how much are conspicuously absent from the complaint.[19] More importantly, there is no allegation that rent was owed by any of the defendants to any of the plaintiffs. Therefore, there is no basis to support a claim for back rent from the defendants to Tareen, as an individual.

*Punitive Damages and Attorney Fees*

55.    The complaint fails to establish any grounds that Tareen as an individual would be entitled to recovery of damages. There is no claim that Tareen suffered damages as a result of the defendants' alleged actions or inactions. Even if taken as true, the allegations do not support a recovery for Tareen who is not alleged to have been a party to the sale contract, an owner of the collateral, or entitled to rent or insurance proceeds.

---

[18] Complaint at p. 9, ¶ 29.
[19] Complaint at p. 7, ¶¶ 18 and 19, where plaintiffs allege Rahim requested an "extension of time to pay rent," and Rahim "induc[ed] Lucky into renting . . . to Dry Kings" by false representations.

---

Defendants' Motion to Dismiss Adversary Complaint

### IV. The Complaint should be dismissed against Nida Mehwish.

56.     The Complaint wholly fails to state a cognizable claim against Nida Mehwish. Mehwish is not alleged to be a party to the contracts between Lucky and Dry Kings. She is not alleged to be an officer or employee of Dry Kings. Instead, the Complaint merely acknowledges Mehwish to be the wife of Asim Rahim and baldly asserts that Mehwish was in complete control of Dry Kings. However, the complaint does not specifically allege a single action taken by Mehwish. Nevertheless, the complaint alleges that Mehwish is liable to Lucky for the tort of conversion and conspired with Rahim to file the bankruptcy case and gut Dry Kings.

*The tort of Conversion & Conspiracy*

57.     The complaint fails to allege sufficient facts to support a claim that Mehwish conspired to commit the tort of conversion against Lucky. As noted above, the complaint fails to allege the elements of conversion.

58.     Because the complaint does not state the elements of a claim for conversion or state facts that would support each element for a claim for conversion, the conversion claim and any related claim under 523(a)(6) should be dismissed.

59.     The conspiracy claim should also be dismissed for similar reasons. There are five elements required to prove a civil conspiracy: 1) a combination of two or more persons; 2) the persons seek to accomplish an object or course of action; 3) the persons reach a meeting of the minds on the object or course of action; 4) one or more unlawful, overt acts are taken in pursuance of the object or course of action; and 5) damages occur as a proximate result.[20] However the complaint does not address the five elements or provide facts that support the elements of conspiracy.

60.     For these reasons, the complaint against Mehwish should be dismissed.

---

[20] *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005).

DATED: January 23, 2023.      Respectfully submitted:

By:   /s/ Clayton L. Everett
Clayton L. Everett | State Bar No. 24065212
clayton@norredlaw.com
Norred Law, PLLC
515 E. Border St.; Arlington, Texas 76010
Telephone: (817) 704-3984
Counsel for Defendants

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Motion was served upon the parties receiving notice via the Court's CM/ECF system. A copy was also mailed to the parties below:

Attorney for Plaintiffs
Charles R. Chesnutt
2608 Hibernia Street, Office 107
Dallas, TX 75204

By: __/s/ Clayton L. Everett____